IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-168-BO

DEBBIE EDWARDS,                )
                               )
          Plaintiff,           )
                               )
     v.                        )      O R D E R
                               )
ANDREW SAUL,                   )
*Commissioner of Social Security,*[1]  )
                               )
          Defendant.           )

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 16, 18]. A hearing was held on these matters before the undersigned on September 23, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion [DE 18] is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits and supplemental security income. Plaintiff filed her applications in October 2014. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in August 2017. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, the ALJ found at step two that plaintiff had the severe impairments of chronic obstructive pulmonary disease (COPD), borderline intellectual functioning, asthma, and depression. Plaintiff did not meet a step three Listing. The ALJ determined plaintiff had the RFC to perform light work, with additional limitations, and was not able to perform her past relevant work as a cashier or sewing machine operator. But at step five, the ALJ determined there were jobs in the national economy plaintiff could perform and, therefore, she was not disabled.

Plaintiff argues (1) the ALJ failed to adequately account for the limitations caused by her COPD and borderline intellectual functioning and (2) that the ALJ's appointment did not comply with the Appointment's Clause at the time of her decision.

Plaintiff's first argument is simply incorrect. The ALJ's findings and conclusions are supported by substantial evidence and are properly explained. With respect to plaintiff's COPD, the record is full of evidence of plaintiff's long-term smoking habits, which the ALJ detailed. [Tr. 19–23]. A pulmonologist refused to fill out her disability paper work for COPD and asthma. The

ALJ noted significant gaps in her treatment for smoking. The ALJ reviewed and credited the opinions of consultative examiners Dr. Meltzer and Dr. Locklear, who noted plaintiff's continued smoking. [Tr. 21–22]. The record is overwhelming that plaintiff's COPD is caused or greatly exacerbated by her smoking. The ALJ's conclusion, that plaintiff's breathing problems significantly improve with medical treatment and a decrease in cigarette smoking, is supported by substantial evidence, and the ALJ's conclusions require no additional explanation to permit meaningful review.

With respect to borderline intellectual functioning, and any associated vocational limitations that would result, the ALJ's finding that claimant is not disabled is supported by substantial evidence. The ALJ reviewed a previous ALJ's decision in detail and found it was consistent with claimant's current functioning abilities and afforded the prior decision great weight. Moreover, there is a dearth of evidence in the record supporting the opposite conclusion that plaintiff's borderline intellectual functioning is disabling. Accordingly, the ALJ's decision is supported by substantial evidence and the conclusions require no additional explanation.

Plaintiff's second argument, that the ALJ's appointment violated the Appointments Clause in light of *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), was waived. Plaintiff failed to raise any challenge to the ALJ's appointment at any point in the administrative proceedings. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to challenge agency appointments); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (requiring plaintiff to exhaust her constitutional claim before seeking review in federal court). Because plaintiff failed to timely raise her Appointments Clause claim, it has been forfeited, and no remand is necessary on that basis.

In sum, substantial evidence existed in the record to support the ALJ's finding that the plaintiff was not disabled. The ALJ sufficiently explained her conclusions. Plaintiff's Appointments Clause claim was not timely raised. Thus, the ALJ committed no reversible error and remand would not be appropriate. Plaintiff's motion for judgment on the pleadings must be denied, and defendant's motion must be granted.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 26 day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE